**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**Humberto Castro-Cruz,**

**Plaintiff,**

**v.**

**Wilfredo Nieves, et al.,**

**Defendants.**

**Civil Action No. 3:25-cv-01121 (SVN)**                          **December 19, 2025**

**PLAINTIFF'S EMERGENCY MOTION FOR INTERIM EXTENSION OF TIME TO SERVE**

**PROCESS AND FOR EXPEDITED CONSIDERATION**

Plaintiff, proceeding pro se, respectfully moves for an interim extension of the deadline to serve process and requests expedited consideration due to the imminence of the current service deadline.

1. Plaintiff previously sought leave to file a further amended complaint and requested an extension of the time to serve so that Defendants would be served only once with a single, definitive operative pleading.

2. The current deadline to complete service or obtain waivers is December 22, 2025. Plaintiff submits this motion on an emergency basis because that deadline is imminent and immediate Court direction is necessary to avoid unnecessary and duplicative service.

3. The docket reflects an opposition deadline of January 5, 2026 on the pending motion; however, the service deadline is December 22, 2025, creating the need for interim relief.

1

4. On December 17, 2025, the motion filed on December 15 was not visible on the docket. In an effort to preserve Plaintiff's request and avoid any potential prejudice arising from a docketing issue, Plaintiff filed a duplicative entry. Plaintiff understands that the operative filing is the motion as docketed by the Clerk and raises this point solely to explain the procedural posture and urgency of the present request.

5. On December 19, 2025, Plaintiff complied with the filing date he had requested and filed the further amended complaint. Plaintiff seeks to avoid serving Defendants with an earlier version of the complaint when a streamlined amended pleading has now been filed and is intended to be the operative pleading for service.

6. The further amended complaint does not add any new defendants. It removes a substantial number of defendants, narrowing the case and promoting efficiency and judicial economy. Plaintiff therefore seeks to serve Defendants only once, using the streamlined amended pleading, rather than serving a prior version that would immediately be superseded.

7. Plaintiff has faced practical difficulty obtaining reliable personal service addresses for certain defendants sued in their individual capacities. That obstacle, combined with the imminence of the service deadline and the pending request for leave and extension, constitutes good cause for interim relief.

8. Plaintiff submits that serving the complaint filed on November 20, 2025 would be improper and inefficient because that pleading is not the version Plaintiff intends to prosecute and was filed before the substantial narrowing of parties reflected in the further amended complaint. Plaintiff raises this point solely to explain the need for interim relief and to prevent confusion and duplicative service.

9. Under Federal Rule of Civil Procedure 4(m), the Court may extend the time for service for good cause, and interim relief is appropriate where a timely request is pending and the service deadline is imminent.

10. Plaintiff has acted diligently and in good faith to comply with all deadlines and to place the case in a posture that allows orderly service of a single operative pleading.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Grant an interim extension of time to serve process through January 9, 2026, or, at a minimum, extend the service deadline pending the Court's ruling on Plaintiff's pending request for leave and extension;

B. Consider this motion on an expedited basis due to the impending December 22, 2025 service deadline; and

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Humberto Castro*

_____

Humberto Castro-Cruz

Humberto Castro-Cruz, Plaintiff pro se

44 Brittany Farms Rd. K-318

New Britain, CT 06053

hckruz@hushmail.com

860-805-7567

Dated: December 19, 2025

3

**CERTIFICATION** (Local Rule compliance, to the extent applicable): Plaintiff certifies that this motion is filed before the current service deadline of December 22, 2025. Plaintiff further certifies as follows, to the extent required by the Local Rules:

1. Position of non-movants: Plaintiff has not been able to ascertain the position of Defendants because they have not appeared in this action.

2. Prior extensions: Plaintiff has not previously sought an extension of the December 22, 2025 service deadline in this action.

3. Good cause: The requested extensions are short and sought to ensure one definitive operative pleading is served once, and to address practical service logistics for individual-capacity defendants.

**CERTIFICATE OF SERVICE:** I certify that on **December 19, 2025**, I filed the foregoing motion and exhibits with the Clerk of Court using the CM/ECF system. Notice and access will be provided by the CM/ECF system to any counsel of record who have appeared, and to the extent any party has not appeared, service will be completed after the Court rules and service is effected pursuant to Rule 4.